**UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No.:

LUZ MARTINEZ,

    Plaintiff,

vs.

TOTAL SOLUTION PROFESSIONAL
SERVICES INC., a Florida
Profit Corporation, and
AVIHU ZABATANI,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LUZ MARTINEZ ("Ms. Martinez" or "Plaintiff"), by and through the undersigned attorneys, sue Defendants, TOTAL SOLUTION PROFESSIONAL SERVICES INC. ("TSPS"), and AVIHU ZABATANI ("Ms. Zabatani") (collectively, "Defendants"), and allege the following:

**GENERAL ALLEGATIONS**

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Plaintiff, Ms. Martinez, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

3. Defendant, TSPS, is a Florida Profit Corporation, with its principal place of address at 11352 W. State Rd. 84, Suite #72, Davie, FL 33325, and within the jurisdiction of this Court.

4. At all times material hereto, TSPS operated to provide cleaning services to several buildings in South Florida.

5. Defendant, Ms. Zabatani, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

6. At all times material hereto, Ms. Zabatani was the President of TSPS and was responsible for its daily operations, including all payroll practices and decisions.

7. Ms. Zabatani approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

8. At all times material hereto, Plaintiff was employed by TSPS and Ms. Zabatani.

9. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

10. Upon information and belief, TSPS's gross annual revenues were in excess of $500,000.00 per year in the years 2018, 2019, and will exceed the same in 2020.

11. At all relevant times, TSPS has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, TSPS (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2016 - 2019. TSPS has employed and/or continues to employ "employee[s]," including Plaintiff, who themselves handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

12. Therefore, based on the aforementioned, TSPS was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

13. At all times material hereto, Plaintiff, in performing her job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

14. Ms. Martinez was employed by TSPS in the area of general labor and cleaning personnel from November 2018 through August 2019.

15. At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Plaintiff performed hours of service for TSPS in excess of forty (40) hours during one or more workweeks, for which TSPS failed to properly pay additional overtime premiums.

16. Rather than properly pay Plaintiff overtimes wages, as is mandated by law, TSPS failed to pay Plaintiff for the overtime hours that she worked.

17. Moreover, during some days and weeks, Defendants paid Plaintiff nothing at all.

18. Plaintiff was not exempt from the right to receive the appropriate overtime pay under the FLSA.

19. Rather, Plaintiff solely performed non-exempt work, that is, Plaintiff's primary duties consisted of cleaning and other non-supervisory roles.

20. Plaintiff was not free from supervision in connection with matters of significance such as project management, scheduling, or operations. Moreover, Plaintiff did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

21. Upon information and belief, Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

22. The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay overtime to Plaintiff for those hours worked in excess of forty (40).

23. Since 2018, Defendants (1) employed Plaintiff; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Plaintiff in excess of forty (40) during one or more workweeks, for which TSPS failed to properly pay additional overtime premiums.

## COUNT I
## RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF LUZ MARTINEZ AGAINST ALL DEFENDANTS

24. LUZ MARTINEZ re-alleges and reaffirms paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for Unpaid Overtime on behalf of Ms. Martinez against all Defendants.

26. During Ms. Martinez's employment with TSPS, she worked hours in excess of forty (40) for which she was not properly compensated.

27. Ms. Martinez was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

28. Ms. Martinez was never paid overtime for the hours she worked for TSPS, from November 2018 through the last date of her employment with TSPS.

29. Ms. Martinez was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

30. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by TSPS's failure to pay Ms. Martinez time and one-half wages for the hours she worked in excess of forty (40) hours per week when Defendants knew or should have known such was due. Rather, TSPS attempted to intentionally skirt federal law.

31. Defendants failed to properly disclose or apprise Ms. Martinez of her rights under the FLSA.

32. Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Ms. Martinez.

33. Ms. Martinez is entitled to liquidated damages pursuant to the FLSA.

34. Due to the intentional, willful, and unlawful acts of TSPS, Ms. Martinez has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

35. Ms. Martinez is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

36. Ms. Martinez demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, LUZ MARTINEZ, respectfully requests that a judgment be entered against Defendants, TOTAL SOLUTION PROFESSIONAL SERVICES INC., and AVIHU ZABATANI:

   a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

   b. Awarding Ms. Martinez overtime compensation in the amount to be calculated;

   c. Awarding Ms. Martinez liquidated damages in the amount to be calculated;

   d. Awarding Ms. Martinez reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Ms. Martinez pre- and post-judgment interest; and

   f. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

## **COUNT II**

## **UNPAID MINIMUM WAGE- VIOLATION OF THE FLSA, 29 U.S.C. § 206 ON BEHALF OF LUZ MARTINEZ AGAINST ALL DEFENDANTS**

37. LUZ MARTINEZ re-alleges and reaffirms paragraphs 1 through 23 as if fully set forth herein.

38. This is an action for Unpaid Minimum Wage on behalf of Ms. Martinez against Defendants.

39. Ms. Martinez's employment with Defendants was to consist of a regular workweek for which Defendants should have paid him at or above the FLSA minimum age as required by 29 U.S.C. § 206.

40. 29 U.S.C. § 206 requires that any non-exempt employee covered by the FLSA be paid their minimum wage.

41. Ms. Martinez was never paid minimum wage for the hours she worked for the Defendants on specific dates.

42. Ms. Martinez was never paid the statutory minimum wage for any of the hours she worked for the Defendants on these specific dates.

43. Ms. Martinez was entitled to receive a regular hourly rate for the relevant time periods on these dates.

44. Defendants' violation of the FLSA concerning payment of minimum wages was knowing and willful.

45. Defendants knew and/or showed a reckless disregard for the provision of the FLSA concerning the payment of wages to Ms. Martinez.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Ms. Martinez is entitled to liquidated damages pursuant to the FLSA.

47. Ms. Martinez demands a atrial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, LUZ MARTINEZ, respectfully requests that a judgment be entered against Defendants, TOTAL SOLUTION PROFESSIONAL SERVICES INC., and AVIHU ZABATANI:

a. Declaring that Defendants have violated the minimum wage provisions of 29 U.S.C. § 206;

b. Awarding Ms. Martinez minimum wage compensation in the amount to be calculated;

c. Awarding Ms. Martinez liquidated damages in the amount to be calculated;

d. Awarding Ms. Martinez reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Ms. Martinez pre- and post-judgment interest; and

f. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 5th day of August 2020.

> Pike & Lustig, LLP
> */s/ Daniel Lustig*
> **Daniel Lustig**
> Florida Bar No.: 059225
> **Robert C. Johnson**
> Florida Bar No.: 116419
> 1209 N. Olive Ave.
> West Palm Beach, FL 33401
> Telephone: (561) 855-7585
> Facsimile: (561) 855-7710
> Email:  pleadings@pikelustig.com
> *Counsel for Plaintiff*

8